UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                      Case No. 14-20241

DARRELL JOHNSON,                                                   Paul D. Borman
                                                                                          United States District Judge

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S
## MOTION TO SUPPRESS FIREARM SEIZED
## DURING SEARCH OF PREMISES PURSUANT TO A SEARCH WARRANT

The instant search warrant properly authorized a search of the premises at 19470 Winston, Detroit, Michigan for items allegedly stolen by Defendant during an unarmed robbery. The items authorized for seizure included, *inter alia*, a wallet, cellphone, Michigan Bridge Cards, a Social Security card, identification cards of the two victims, and evidence of occupancy of the premises.

The Court finds there was sufficient factual evidence in the affidavit before the Magistrate Judge to authorize the search warrant.

While carrying out the search in Defendant's bedroom, the officers seized a firearm in a dresser, which was a proper potential location for the items named in the search warrant. Detroit Police Department Detective Matthew Fulgenzi testified at this Court's hearing on July 24, 2014, that prior to carrying out the search, he ran a computer check of Defendant's rap sheet and found that Defendant had prior felony convictions, thus making it a crime for Defendant to possess a firearm. He also testified that in that bedroom he seized a photo of Defendant, mail addressed to Defendant at that address and clothes that would fit the Defendant. Fulgenzi had also verified that

this was Defendant's residence through his admissions and the fact that the residence was listed on his driver's license.

The Court concludes that, although a firearm was not used in the robbery and was not noted in the search warrant, given Fulgenzi's verified knowledge that Defendant was a felon, the plain view seizure from Defendant's dresser was proper since the agents had a right to search the bedroom and the dresser to search for the loot from the robbery which could logically be secreted in his bedroom dresser – a place where the items described in the warrant might be concealed.

In *Horton v. California*, 110 S. Ct. 2301 (1990), the Supreme Court upheld the plain view seizure of weapons, outside the search warrant authorization of seizure of the proceeds of the robbery. Here, the firearm was in plain view in the dresser, and its incriminating character was immediately apparent since the agents knew that Defendant was a convicted felon.

Accordingly, Defendant's Motion to Suppress is **DENIED.**

**SO ORDERED.**

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: July 24, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 24, 2014.

                                                s/Deborah Tofil
                                                Case Manager