UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                  Case No. 14-cr-20241
                                      Hon. Matthew F. Leitman
v.

DARRELL JOHNSON,

       Defendant.
_____/

**ORDER DENYING MOTION TO VACATE AND CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF #126)
AND DENYING CERTIFICATE OF APPEALABILITY**

On December 4, 2014, a jury found Defendant Darrell Johnson guilty of being a felon in possession of a firearm. Johnson subsequently filed a post-trial motion for judgment of acquittal or, in the alternative, for a new trial. (*See* ECF #80.) In that motion, Johnson challenged the sufficiency of the evidence against him and contended that trial counsel was ineffective. This Court denied that motion by order dated May 12, 2015. (*See* Order, ECF #82.) Johnson raised his ineffective assistance claims on direct appeal, and the Sixth Circuit rejected some of the claims and determined that it could not rule on others. *See United States v. Johnson*, 658 F. App'x 236 (6th Cir. 2016). Johnson has now filed a motion to vacate his sentence.

1

(*See* ECF #126.) He argues that trial counsel was ineffective in several respects. For the reasons explained below, the motion is **DENIED**.

I

The general factual background of this case is set forth in the Court's order denying Johnson's motion for judgment of acquittal. (*See* ECF #82.) The Court incorporates that Order into this Order and will not repeat the factual background here. The Court sets forth in its analysis below those facts necessary to understand the Court's resolution of Johnson's current claims.

II

As noted above, Johnson seeks relief on the ground that his trial counsel rendered ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-part test for evaluating claims of ineffective assistance of counsel. First, a defendant must show that his counsel's performance was deficient. *See id.* at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must show "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

To satisfy the performance prong of *Strickland*, a defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. A court's scrutiny of counsel's performance is highly deferential. *See id*. at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. The burden is on the defendant to overcome the presumption that the challenged action was sound trial strategy. *See id*. at 689.

To satisfy the prejudice prong of the *Strickland* test, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "This does not require a showing that counsel's actions 'more likely than not altered the outcome,'" but "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112 (quoting *Strickland*, 466 U.S. at 693).

**A**

Johnson first contends that trial counsel was ineffective for failing to conduct an adequate pretrial investigation. Specifically, Johnson argues that counsel "failed to inquire into the source of the officers['] information that Mr. Johnson resided at 19470 Winston Street." (Mot., ECF #126 at Pg. ID 1811.) At trial, one of the officers testified that he located Johnson at the Winston Street residence by (1) checking a

3

license plate on a vehicle driven by Johnson, (2) determining that the plate "came back" to the Winston Street address, and (3) based upon that match, then going to the Winston Street residence and finding Johnson there. Johnson says that if that counsel had done an adequate investigation, counsel would have discovered that the plates in question were registered to someone else who did not live at the Winston Street address. (*Id.*) Johnson says that he is entitled to relief based upon counsel's failure to discover this license plate registration information.

This claim fails for at least two reasons. First, Johnson has not presented any evidence that trial counsel had any reason to question the officer's testimony that the plate on the vehicle driven by Johnson "came back" to the Winston Street address. For instance, Johnson does not state in his affidavit that he told counsel that the license plate in question was not registered to him. Johnson has not shown that counsel had any particular reason to investigate the registration of the license plates in question, and he has not persuaded the Court that counsel was ineffective for failing to discover, as Johnson claims, that the plate could not have "come back" to the Winston Street address.

Second (and more importantly), Johnson has not demonstrated any prejudice from counsel's alleged failure to discover that the plates on the vehicle driven by Johnson were registered to someone else who did not live at the Winston Street address. Johnson did not contend at trial that he did not live at that address. Instead,

4

his defense was that while he *did* live there, he did not reside in the particular bedroom in which police found the firearm in question. Because the fact that Johnson lived at the Winston Street address was not in dispute at trial, Johnson did not suffer any prejudice from his attorney's purported failure to show that the license plates in question were registered to a different person at a different address.

**B**

Johnson argues that his attorney failed to find an important defense witness named Jessica Short. Johnson contends that Short could have provided evidence that she lived in the room in which police found the firearm in question and that Johnson did not live in that room. This claim fails for at least two reasons.

First, as the Court noted when it denied Johnson's motion for judgment of acquittal, the record reflects that counsel did attempt to locate Short but was unable to find her and secure her attendance. (*See* ECF #82 at Pg. ID 1201-02.)

Second, as the Court also noted in its earlier Order, Johnson has not presented any evidence that Short would, in fact, have testified as he now says she would have testified. (*See id.* at Pg. ID 1202.) For instance, he has not submitted an affidavit from Short to that effect. Johnson has not shown that he suffered prejudice as a result of counsel's failure to secure Short's attendance at trial. (*See id.*)

**C**

Johnson claims that trial counsel was ineffective when he filed a motion to suppress evidence seized in the search of the Winston Street address but failed to seek suppression of the firearm seized during that search. Johnson says that counsel improperly limited his request for suppression to "computers, documents, etc." (Motion, ECF #126 at Pg. ID 1817.) But counsel did not limit his request. Instead, he sought suppression of "all evidence" seized from the Winston Street address. (*See* Motion to Suppress, ECF #25 at Pg. ID 72.)

Johnson also claims that counsel was ineffective for failing to argue that the affidavit submitted in support of the request for the warrant to search the Winston Street address did not demonstrate a sufficient nexus between the residence and criminal activity. But counsel *did* attack the warrant on the basis that the affidavit failed to establish the required nexus. (*See id.* at Pg. ID 73.)

Next, Johnson contends that counsel failed to seek suppression of the gun seized from the Winston Street residence on the ground that the search of the residence exceeded the scope of the warrant. But, again, counsel *did* make that argument. (*See id.*)

**D**

Johnson contends that counsel was ineffective for failing to object when the Court permitted the jury to review a redacted copy of the Indictment. But, as the

Court noted when it denied Johnson's earlier motion for judgment of acquittal, Johnson has not demonstrated how the redactions prejudiced him in any way.

Johnson also complains that counsel failed to object to the redaction of certain address information from an exhibit that was presented to the jury. The redactions in question eliminated Jessica Short's address from certain documents. This claim fails because, as the Court noted when it denied Johnson's earlier motion for judgment of acquittal, counsel *did* object to the redactions. (*See* Tr., ECF #78 at Pg. ID 976-982.)

E

Finally, Johnson argues that his attorney was ineffective for failing to challenge under *Franks v Delaware*, 438 U.S. 154 (1978), the affidavit submitted in support of the warrant to search the Winston Street residence. Johnson contends that counsel should have challenged an allegedly false statement in the affidavit. In the statement in question, the affiant-officer told the issuing magistrate that an "investigation" by Detroit Police Officers Murphy, Szklarski, and Hochradel on March 27, 2014 revealed that Johnson lived at the Winston Street address. (*See* Aff., ECF #126 at Pg. ID 1848.)

Johnson has not shown that this statement was false. Officer Murphy testified at trial, and he described his role in the investigation. Officer Murphy explained, among other things, that he went to the Winston Street address on March 27, 2014,

7

that he encountered Johnson at the address, and that Johnson showed him (Murphy) identification that listed the Winston Street address as his (Johnson's) residence. (*See* Tr., ECF #77 at Pg. ID 775-85.) Johnson has not shown (nor even suggested) that any of this testimony is false. Thus, Johnson has not shown any falsity in the statement by the affiant-officer (in the affidavit dated March 28, 2014) that Officer Murphy's investigation on March 27, 2014, revealed that Johnson resided at the Winston Street residence.[1] Accordingly, Johnson is not entitled to relief under *Franks*.

### III

Finally, Johnson is not entitled to a certificate of appealability under 28 U.S.C. § 2253(c) because he has not made a substantial showing of the denial of a constitutional right. Moreover, reasonable jurists could not debate the correctness of the Court's denial of Johnson's motion, and the issues raised by Johnson do not

---

[1] Johnson's falsity argument is misplaced. The argument focuses on Officer Murphy's testimony that he initially "located" Johnson at the Winston Street residence by running a license plate check on the vehicle driven by Johnson and determining that the registered address "came back" to the Winston Street residence. (Tr., ECF #77, at Pg. ID 775.) Johnson says that this testimony must have been false because the license plates were registered to a different person who lived at a different address. But even if Murphy inaccurately described how he *initially* found Johnson at the Winston Street address, that does not in any way undermine the truth of the statement in the search warrant affidavit that Murphy's investigation *after* he arrived at the house – which included his review of Johnson's identification bearing the Winston Street address – confirmed that Johnson lived at the Winston Street house.

deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (setting forth standards for granting a certificate of appealability).

## IV

For the reasons stated about, the Court **DENIES** Johnson's motion to vacate and **DENIES** Johnson a certificate of appealability.

**IT IS SO ORDERED.**

Dated: March 26, 2018

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 26, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764